**Supriya KATYAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73715.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, San Francisco, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brian W. Enos, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Supriya Katyal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA reviews de novo the IJ's decision, our review is limited to the decision of the BIA." *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). We review for substantial evidence the BIA's decision, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we grant the petition and remand.

The BIA found that Katyal's experiences did not rise to the level of persecution. We disagree. Katyal's father was arrested and beaten severely on two occasions, one of which resulted in a two-week hospitalization. In addition, during the arrest of Katyal and her mother, the police sexually harassed Katyal, raped her mother, and threatened Katyal herself with rape. Because the cumulative effects of the harm rise to the level of persecution, we conclude that substantial evidence does not support the BIA's finding. *See Ndom*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*v. Ashcroft,* 384 F.3d 743, 751 (9th Cir. 2004) (holding that "cumulative effect of harms that might not individually amount to persecution may support an asylum claim"); *see also Mashiri v. Ashcroft,* 383 F.3d 1112, 1120 (9th Cir.2004) (holding that emotional and psychological trauma, as well as harm to family members, can rise to the level of persecution). Accordingly, we grant the petition for review.

Because the BIA did not determine whether there was a nexus between the harm Katyal suffered and one of the five statutorily protected grounds, we remand to the BIA in order to allow the agency to rule on this issue in the first instance, and to consider whether Katyal is eligible for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**